**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CYRIL MARSHALL,**

                **Petitioner,**

            v.                           **Civil No. 9:04-CV-881
                                                       (GLS/VEB)**

**DALE ARTUS,**

                **Respondent.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PETITIONER:**

CYRIL MARSHALL
Petitioner, *Pro Se*
02-A-4480
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO             LUKE MARTLAND
Office of the Attorney General     Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**Gary L. Sharpe
U.S. District Judge**

<u>**MEMORANDUM-DECISION AND ORDER**</u>

## I. Introduction

After Cyril Marshall filed a *habeas corpus* petition challenging his New York State conviction and sentence for Burglary in the First Degree, Assault in the Second Degree, and Endangering the Welfare of a Child, *see* Dkt. No. 1; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge Victor E. Bianchini for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Bianchini issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R"), Dkt. No. 25*.[1]

Broadly construing Marshall's petition, Judge Bianchini concluded that it raised the following issues: (1) whether Marshall's statements to the police should have been suppressed; (2) whether the prosecutor's misconduct deprived Marshall of a fair trial; and (3) whether Marshall was denied the effective assistance of his trial counsel. Judge Bianchini gave thorough consideration to Marshall's arguments.

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See* Dkt. No. 25.

Based on the record, Judge Bianchini concluded the following: (1) that Marshall's statements to the police were voluntary and were therefore properly admitted, (2) that the prosecutor's remarks during trial did not cause Marshall actual prejudice,[2] and (3) that Marshall's generalized ineffective assistance of counsel claim was unsupported by the record, and regardless, his allegations, even if true, did not cause actual prejudice. *See Dkt. No. 25.* Ultimately, Judge Bianchini concluded that Marshall's claims lacked merit and recommended that his petition be denied. *See id.*

Marshall has now filed timely objections to Judge Bianchini's report. *See Dkt. No. 26.* Marshall's sole specific objection will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Marshall's sole specific objection challenges Magistrate Judge

---

[2] Judge Bianchini determined that Marshall procedurally defaulted on his prosecutorial misconduct claim. Nonetheless, he thoroughly considered Marhsall's arguments and concluded that they lacked merit. *See Dkt. No. 25*.

3

Bianchini's treatment of his ineffective assistance of counsel claim. Specifically, Marshall argues that Judge Blanchini erred when he failed to consider Marshall's additional submissions.  Having reviewed Judge Bianchini's report *de novo*, the court concludes that Judge Bianchini reviewed the entire record in deciding the merit of Marshall's ineffective assistance of counsel claim.

The remainder of Marshall's objections do not specifically address Judge Bianchini's factual and legal conclusions.  Instead, Marshall has simply repeated the facts and arguments contained in his original petition. His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims.  Given the inadequacy of these objections, he has procedurally defaulted, and the court has reviewed the report and recommendation for clear error.  *See Almonte*, 2006 WL 149049, at *6.  Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Marshall's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Bianchini's July 11, 2007 Report-

4

Recommendation is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge